MEMORANDUM *
Peter G. Crane petitions for review of the Nuclear Regulatory Commission’s denial of his petition for rulemaking concerning the standards for release of patients treated with unsealed byproduct material. See 10 C.F.R. § 35.75.
Before reaching the merits of his petition, we must ascertain our jurisdiction. Crane has not shown “an ‘injury in fact’ that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.” Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Crane’s asserted injury is that if he has a recurrence of the thyroid cancer he last suffered eighteen years ago, he may be subjected to treatment under the current release standards that raise the concerns his petition for rulemaking addressed. The record does not include any affidavit or medical record to demonstrate the risk of recurrence or the likelihood that, if he suffered a recurrence, his treatment would involve exposing others to radioactive iodine. See Nw. Envtl. Defense Ctr. v. Bonneville Power Admin., 117 F.3d 1520, 1527-28 (9th Cir.1997) (because Article III standing requirements did not apply to agency proceedings, petitioners established standing on direct review in this court by submitting affidavits to the court during the briefing phase); cf. Sierra Club v. EPA, 292 F.3d 895, 900-902 (D.C.Cir.2002). As we have no basis to evaluate Crane’s risk of thyroid cancer recurrence and likelihood of treatment raising the concerns his petition for rule-making addressed, we conclude that the conditional nature of Crane’s injury is just the sort of hypothetical controversy over which we lack jurisdiction.
Petition DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.